**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: DONITA J. COLE,<br><br>              Debtor.<br>_____<br><br>DONITA J. COLE,<br><br>              Plaintiff-Appellant,<br><br>  v.<br><br>MR CAPITAL, LLC,<br><br>              Defendant-Appellee. | No. 16-16776<br><br>D.C. No. 2:16-cv-02080-SRB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted December 18, 2017[**]

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Donita J. Cole appeals pro se from the district court's judgment dismissing

as equitably moot her appeal from a bankruptcy court order quashing lis pendens.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 158. We review for clear error factual findings about mootness, and de novo legal conclusions. *Rev Op Grp. v. ML Manager LLC (In re Mortgs. Ltd.)*, 771 F.3d 1211, 1214 (9th Cir. 2014). We affirm.

The district court properly dismissed Cole's appeal as equitably moot because Cole did not seek or obtain a stay prior to her appeal of the bankruptcy court's order, and the real property at issue has since been transferred to a third party. *See Motor Vehicle Casualty Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 880-81 (9th Cir. 2012) (discussing factors to be examined when determining equitable mootness). Because Cole has permitted such a comprehensive change of circumstances to occur, it is inequitable to consider the merits of the appeal. *See id.*

We reject as without merit Cole's arguments that the bankruptcy court lacked subject matter jurisdiction, and that the bankruptcy judge was biased against her.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Cole's requests to strike portions of the answering brief, and to take judicial notice, contained in her reply brief, are denied.

16-16776

Appellee's motion for judicial notice (Docket Entry No. 9) is granted.

**AFFIRMED.**